**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

| | |
|---|---|
| MIRNA ELIZABETH SOP CANCINOS RAMIREZ, | Case No. EDCV 26-4334-AS |
| Petitioners, | **MEMORANDUM DECISION AND ORDER** |
| v. | **GRANTING UNOPPOSED PETITION** |
| FERETI SEMAIA, et al., | |
| Respondents. | |

On July 29, 2026, Petitioner Mirna Elizabeth Sop Cancinos Ramirez (A# 249-053-457) ("Petitioner"), an immigration detainee who is in the custody of United States Immigration and Customs Enforcement ("ICE") at the Adelanto ICE Processing Center in Adelanto, California, and is represented by counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), seeking Petitioner's immediate release on the grounds that her arrest on July 10, 2026, and ongoing detention violate the Due Process Clause of the Fifth Amendment as well as the Immigration and Nationality Act ("INA"). (Dkt. No. 1). On August 5, 2026, Respondents filed an Answer which states that they "are

not presenting an opposition argument" to the Petition "at this time." (Dkt. No. 9).

For the reasons set forth below, the Petition is GRANTED, Respondents are ORDERED to release Petitioner immediately from immigration detention under the same conditions to which she was subject prior to her current detention, and Respondents are further ENJOINED and RESTRAINED from re-detaining Petitioner without providing her with notice and a pre-deprivation hearing before a neutral decisionmaker at which the government bears the burden of proving by clear and convincing evidence that Petitioner is a flight risk or danger to the community.[1]

### BACKGROUND[2]

Petitioner is a native and citizen of Guatemala who entered the United States without inspection in May 2024. (Petition ¶¶ 40-41). She was subsequently detained by immigration authorities and was served on June 3, 2024, with a Notice to Appear charging her as removable under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i). (See id. Ex. K). She and released on supervision the next day. (See id. Ex. C). Since then, she has regularly attended her ICE check-ins, built a life with her children, attended church regularly, worked, paid

---

[1] The parties have consented to proceed before the undersigned United States Magistrate Judge. (See Dkt. Nos. 2-3, 7).

[2] The facts set forth here are based on the allegations in the Petition, which Respondents have not disputed.

2

taxes, and obtained medical treatment for nerve issues in both of her hands. (Id. ¶ 44). She also submitted an asylum application, which an immigration judge denied on July 9, 2026. (Id. ¶ 42). Her appeal of that decision is now pending before the Board of Immigration Appeals ("BIA"). (Id. ¶ 42, Exs. D-F).

On July 10, 2026, Petitioner appeared for her scheduled appointment with ICE and was told she could go home. (Id. ¶ 43). ICE then called her back to the office about thirty minutes later purportedly because she had forgotten to sign a document, but officers arrested her immediately when she arrived, with no prior notice or meaningful opportunity to be heard. (Id. ¶¶ 15, 43). She was then taken to the Adelanto ICE Processing Center where she remains at this time. (Id. ¶ 45).

## DISCUSSION

Petitioner seeks immediate release, among other relief, on the ground that her July 10 arrest and ongoing detention violate due process. (See Petition at 14-21). Petitioner has a substantial due process interest in being released, as she has worked and built a life with her children in the United States in the two years since she was released on supervision. See Zadvydas v. Davis, 533 U.S. 678, 679 (2001) ("[T]he Due Process Clause applies to all persons within the United States, including [noncitizens], whether their presence is lawful, unlawful, temporary, or permanent."); Morrissey v. Brewer, 408 U.S. 471, 482 (1972) (a parolee's liberty is "valuable" since it "enables him to do a wide range of things

3

open to persons who have never been convicted of any crime," such as being employed, spending time with family and friends, and "form[ing] the other enduring attachments of normal life"); Pinchi v. Noem, 792 F. Supp. 3d 1025, 1033 (N.D. Cal. 2025) (petitioner had substantial private interest "in remaining in her home, continuing her employment, providing for her family, obtaining necessary medical care, maintaining her relationships in the community, and continuing to attend her church"). In contrast, Respondents have identified no significant government interest in continuing to detain Petitioner while her case remains pending before the BIA. Petitioner has complied with all requirements of his supervision and poses no apparent danger to the community or flight risk. In light of these circumstances and Respondents' non-opposition (see Answer at 2), Petitioner merits immediate release from detention, along with prospective injunctive relief requiring notice and a hearing prior to any re-detention. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985) ("We have described 'the root requirement' of the Due Process Clause as being 'that an individual be given an opportunity for a hearing before he is deprived of any significant protected interest.'" (quoting Boddie v. Connecticut, 401 U.S. 371, 379 (1971)) (emphasis in original)); Pinchi, 792 F. Supp. 3d at 1036 (finding due process requires pre-deprivation bond hearing for noncitizen released on bond during pendency of removal proceedings); Pablo Sequen v. Kaiser, 800 F. Supp. 3d 998, 1014 (N.D. Cal. 2025) (same).

4

**ORDER**

Accordingly, the Court GRANTS the Petition, ORDERS Respondents to release Petitioner Mirna Elizabeth Sop Cancinos Ramirez (A# 249-053-457) from immigration detention immediately, and ENJOINS and RESTRAINS Respondents from re-detaining Petitioner without providing her with notice and a pre-deprivation hearing before a neutral decisionmaker at which the government bears the burden of proving by clear and convincing evidence that Petitioner is a flight risk or danger to the community. Respondents also shall file a "Notice of Release" within three days of the date of this Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 12, 2026

_____/s/_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

5